## WALDON vs. DUNN.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Practice.* Note in the opinion allegations of a petition held sufficient to state a good cause of action. Wherefore the court erred in overruling the general demurrer thereto. It set forth the conditions of the contract upon which the suit was based; a performance of the conditions thereof by the plaintiff; a breach of the same by the defendant, and the damages occasioned by the breach, and such was sufficient upon general demurrer.

*Contract* of subletting a mail-route, bound the employee, (appellant's principal) to carry the mail on said route for the full term of the contract. In the event of default appellee had the right, and it was his duty to employ some other person to perform the service upon as reasonable terms as possible, and if such terms were in excess of the contract with the defaulting employee, he would be entitled to recover such excess.

*Note* the opinion for evidence held sufficient to support a judgment for damages for failure to perform a contract to transport mails.

Appeal from Bell County.

Opinion by Willson, J.

Appellee, Nicholas Dunn, having a mail contract on route No. 31,-122 between Cuero an Refugio, awarded to him by the United States

government, sublet the same to one Isaac Taylor, agreeing to pay Taylor $2,400 per annum for carrying the mails over the said route in accordance with the requirements over said Dunn's contract with the government. Said Taylor, together with appellant H. R. Waldon as his surety executed and delivered to said Dunn a bond in the penal sum of $500 conditioned that said Taylor would faithfully perform all the duties and obligations incumbent upon him under said contract for carrying the mails upon said route. Appellee Dunn brought this suit against appellee Waldon, upon the aforesaid bond, to recover the sum of $442 alleging that said Taylor had failed to carry the mails over said route for a period of seven months and eleven days, during which time appellee was compelled to pay for carrying said mails, in excess of his contract-price with said Taylor, at the rate of $60 per month, aggregating the said sum of $442. It was alleged in said appellee's petition that said Taylor was insolvent and was a non resident of the State, and he was not therefore sued. Upon a trial of the case judgment was rendered in favor of appellee against appellant for the full amount sued for and costs.

It is unnecessary that we should discuss all the questions presented by the assignment of errors, and in brief of counsel for appellant. We will say, however, that in our opinion the court did err in overruling the general demurrer to appellee's petition, as it alleged facts which constituted a good cause of action. It set forth the obligation entered into by appellant, and a performance of the conditions thereof on the part of appellee, and the breach of the conditions thereof on the part of the appellant, and the damages consequent upon such breach. This was sufficient upon general demurrer. We are further of the opinion that the contract of subletting of the mail route bound appellant's principal, Taylor, to carry the mails on said route for the full term specified in the original contract with the government, which term did not expire until June 30, 1882. We are also of the opinion that in case of a breach of the contract by Taylor appellee had the right, and it was his duty under his contract with the government to employ some other person to carry the mails over said rout upon as reasonable terms as he could, and if these terms were in excess of the amount that he had agreed to pay Taylor, he would be entitled to recover such excess. But upon a careful consideration of the evidence as presented to us by the record in the case, we find no proof of damage sustained by appellee,

by reason of the alleged breach of Taylor's obligation. Nor does the evidence prove that appellee complied with the terms of said contract with Taylor by paying Taylor for his services at the rate of $2400 per annum. There is nothing in the evidence which shows what amount Taylor was paid on the contract. Appellee alleged in his petition that he had fully complied with his contract with Taylor. To entitle him to a recovery in this action it devolved upon him to prove that he had paid Taylor in accordance with the stipulations of the contract. This proof he wholly failed to make. Again he alleged that by reason of Taylor's failure to carry the mail on said route for the period of seven months and eleven days, he had been compelled to employ another person to carry said mails at the rate of $60 per month more than Taylor had agreed to carry same for, aggregating the sum of $442. To entitle him to recover under this allegation, of course he must prove the facts as alleged. He fails to make the proof. He testifies himself, and this is the only evidence upon the subject, that he was compelled to pay another person at the rate of $60 per month to carry the mails over the route for said period of seven months and eleven days; but is not stated or in any other way shown, that this rate of pay was in excess of the rate for which Taylor had undertaken the service. In fact, the evidence as we find it in the record, shows that appellee paid only at the rate of $60 per month for fulfilling the abandoned contract of Taylor, when he had agreed to pay Taylor for the same service at the rate of $200 per month, thus showing that he was benefited instead of damaged by the breach of contract on the part of Taylor, for it further appears in evidence that during this time appellee received from the government the pay for carrying the mails over said route, though it does not appear what was the amount of such pay. It may be that the record before us fails to present the evidence as it was before the trial court, but we must determine the case upon the record, and being, groverned by the fact as therein presented, we must say that the judgment is not supported by the evidence, and it is therefore reversed and the cause remanded.